# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

DAVID MARK CAMPBELL and
AMBER NICOLE CAMPBELL,

Debtors.

Case No. A08-00854-DMD
Chapter 7

**Filed On 6/18/09**

## MEMORANDUM ON DEBTORS' MOTION TO REOPEN CASE

The debtors filed their chapter 7 petition on December 30, 2008, and received their discharge on April 16, 2009. On June 15, 2009, the debtors filed an ex parte motion to reopen this case and waive the reopening fee. They contend reopening is necessary so they can amend their Schedules I and J, and the Chapter 7 "Means Test." The debtors also wish to file reaffirmation agreements on a vehicle loan and their home mortgage. Debtors' counsel advises that he initially refused to sign the reaffirmation agreements because he believed the agreements would have imposed an undue hardship on the debtors. However, in light of changes which the debtors wish to make to their schedules regarding child support, house rental income and wages, and a fortuitous change of circumstances with regard to anticipated medical expenses, their attorney now says reaffirmation would be appropriate.

Based on the limited information contained in the debtors' motion, there appears to be no basis for reopening the case. First, the debtors have received a chapter 7 discharge. This was a "no asset" case, and no claim bar date was set. The amendment of their schedules at this point will have no bearing upon the discharge of creditor claims.[1]

Second, 11 U.S.C. § 524(c)(1) provides that a reaffirmation agreement is enforceable only if it was made before the granting of discharge. It is unclear from the

---

[1] *In re Lancaster*, 7 A.B.R. 98 (Bankr. D. Alaska 2001), *citing In re Beezley*, 994 F.2d 1433 (9th Cir. 1993).

debtors' motion if the reaffirmation agreements they wish to file were made before entry of their discharge. If not, reopening this case and setting aside the discharge to "fix" the problem of a late reaffirmation agreement would violate the provisions of § 524 and is inappropriate.[2] However, in spite of the fact that a reaffirmation agreement was not filed, the vehicle lender is not entitled to automatic repossession. Instead, the lender is left to its remedies under state law for enforcement of its security interest. If the debtors are current on their car payments and have complied with all other substantive provisions of their contract for purchase of the vehicle, there may not be a basis under state law to seek repossession.[3] This issue must be determined, however, by the state court.[4]

For the foregoing reasons, the debtors' motion to reopen this case will be denied. The court will, however, grant the debtors' request for waiver of the reopening fee. An order will be entered consistent with this memorandum.

DATED: June 17, 2009

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  M. Clark, Esq.
    R. Ullstrom, Esq.
    GMAC, P. O. Box 380902, Bloomington, MN  55438-0902
    W. Barstow, Trustee
    U. S. Trustee

    06/18/09

---

[2] *See* Memorandum on Late Filed Reaffirmation Agreement, entered on May 27, 2009, in *In re Potter*, Main Case No. A08-00815-DMD (Docket No. 20) (copy attached).

[3] *Id.* at p. 3.

[4] *Id.*